97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma M. CRAVEN; Marlon J. Davis, Plaintiffs-Appellants,
v.
BI-LO, INC.; Officer James Jackson; Officer Kevin Luck;
Chattanooga Police Department; Stephen J. Ekman,
M.D.; Thomas R. Klinner, M.D.,
Defendants-Appellees.
 No. 95-6711.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Emma M. Craven and Marlon J. Davis, Tennessee citizens proceeding pro se, appeal a district court order dismissing their civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking unspecified damages, Craven and her son (Davis) sued a local food store (Bi-Lo), the Chattanooga Police Department and two of its officers (Jackson and Luck), and two private physicians (Ekman and Klinner) for allegedly violating their rights under the First, Fourth, Fifth, and Eighth Amendments. Craven claimed that her right to freedom of speech was violated when she was arrested for disorderly conduct at a Red Food Store (subsequently acquired by Bi-Lo, Inc.) on April 2, 1994. She further claimed that Jackson used excessive force during her arrest, that Drs. Ekman and Klinner falsified her medical records after they examined her on April 3d and 5th respectively, that her arrest was the result of malicious prosecution, and that she was never read her Miranda rights. Davis claimed intentional infliction of emotional distress as a result of witnessing his mother's arrest.
 
 
 3
 All defendants filed motions to dismiss, to which Craven responded. In a memorandum and order filed on December 5 and entered on December 6, 1995, the district court granted the defendants' motions to dismiss on the ground that the complaint was filed outside of Tennessee's one-year statute of limitations for civil rights actions. The district court noted in its memorandum that "abundant other grounds for dismissal for some or all of the actions" were also present.
 
 
 4
 On appeal, Craven and Davis argue that the district court erred in canceling the pre-trial conference and continue to argue the merits of their claims.
 
 
 5
 Upon de novo review, see Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996), we affirm the district court's order for the reasons stated by the district court in its memorandum.
 
 
 6
 For purposes of § 1983, state statutes of limitations apply to determine the timeliness of the claims asserted under the act. Wilson v. Garcia, 471 U.S. 261, 268-69 (1985). The one-year statute of limitations period found in Tenn.Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. See Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir.1992). We conclude that the district court properly determined that Craven's filing of an application to proceed in forma pauperis and civil cover sheets, unaccompanied by a complaint setting forth her claims and supporting facts, was insufficient to toll the limitations period. "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3 (emphasis added). Accordingly, the plaintiffs' complaint, filed on May 11, 1995, was untimely under the applicable statute of limitations.
 
 
 7
 Even if it is assumed that the complaint was timely filed, the various claims were still properly dismissed for the reasons stated by the district court. Accordingly, the district court's order, entered on December 6, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.